IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. IV) | Consolidated Under MDL DOCKET NO. 875 |
| MARIA TORRES, Administratrix of the Estate of Ruben Torres, Deceased, et al. | E.D. PA Civil Action No. 95-1173 |
| v. | |
| CONSOLIDATED RAIL CORPORATION, et al. | |

**FILED**
FEB 2 5 2014
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**MEMORANDUM**

M. FAITH ANGELL
United States Magistrate Judge

February 24, 2014

**I. Background.**

The underlying facts, as alleged by Plaintiff Maria Torres, are as follows:[1]

On February 28, 1995, Ruben Torres and Maria Torres filed this FELA action against, *inter alia*, the New Jersey Rail Operations, Inc. ["NJT"], alleging that Mr. Torres had contracted esophageal cancer as a result of exposure to asbestos while working for NJT. Given the nature of the allegations, this action was assigned to the Asbestos MDL Litigation. After Mr. Torres died on April 12, 1997, his widow, Maria Torres, was appointed Administratrix of his estate. *Plaintiff's Motion for Interpleader* at 2.

On July 7, 2011, Plaintiff Maria Torres settled her claims against NJT. The parties agreed that the settlement amount would remain confidential. *Id.*

On August 24, 2011, Plaintiff Maria Torres filed a motion for distribution of settlement proceeds, requesting that this Court issue an Order directing NJT to pay the proceeds of the FELA settlement to Counsel for Maria Torres and not to the Estate of Ruben Torres. Judge Robreno granted the motion for distribution of settlement funds on September 27, 2011. *Id.*

---

1   In opposing the motion for interpleader, HHS has limited its response to contesting jurisdiction and noted that it "vigorously disputes Plaintiff's merits arguments." In this discussion, I will present the facts as alleged by Plaintiff for the purpose of deciding the jurisdictional issue, and make no ruling on the underlying merits.

NJT paid the settlement, which was then reported by Plaintiff's Counsel to the Centers for Medicare & Medicaid Services ["CMS"]. Plaintiff asserts that she gave CMS notice of the settlement, despite the fact that she "has a substantial legal argument that she has no duty to repay CMS" for medical services provided to the decedent, in order to avoid potential sanctions for non-compliance with the Medicare Secondary Payer Act, [MSPA], 42 U.S.C. §1395y *et seq.*

By letter dated August 14, 2012, CMS gave Plaintiff notice that it had identified $413.39 in conditional payments that it believed were associated with Mr. Torres' estate.

On August 21, 2012, Plaintiff sent CMS a "Notice of Settlement" letter in which she requested a final demand letter from CMS.

On September 4, 2012, CMS responded, noting conditional payments for decedent's medical care in the amount of $67,602.46 and making a repayment demand of $24,585.13.

By letter dated September 21, 2012, Plaintiff requested a compromise figure from CMS, presenting her arguments as to why, equitably and legally, full repayment of CMS' final demand figure was not appropriate.

On February 13, 2013, CMS presented a compromise figure of $12,292.00, void after thirty days.

On March 8, 2013, Plaintiff filed her motion for interpleader. After the matter was assigned to me for decision, the compromise amount was deposited in the Registry of the Court and the interpleader motion fully briefed.

## II. Discussion.

In her interpleader motion, Plaintiff asserts that she "has a constitutional right to have the issue of her legal duty to repay Medicare determined by this Court and not by the same administrative agency which is demanding the disputed amount." *Plaintiff's Interpleader Motion* [Document #26], at 6. While Plaintiff acknowledges that CMS is not a party to this lawsuit, she argues:

> "In the first instance, this Court has jurisdiction to enforce the terms of settlements made in cases before it. This authority extends to the settlement itself, the settlement agreement, the division of settlement proceeds, and the determination of the legitimacy of any competing claims to the settlement proceeds. Since Medicare through its agent,

> CMS, is asserting a right to the proceeds of the settlement, interpleader is the correct process under F.R.C.P. 22(a)(1) and 28 U.S.C.A. §2361 to resolve the competing claims. [citations to caselaw omitted]."

*Id.*, at 8.

It is undisputed that CMS is not properly named in the interpleader motion and that the correct party to respond is HHS. In opposition to Plaintiff's motion, HHS argues that this Court lacks jurisdiction to consider the interpleader motion at this time because Plaintiff has not exhausted her administrative remedies as required by the Medicare Statute, 42 U.S.C. §§1395ff(b)(1) and 1395ii (incorporating 42 U.S.C. §§ 405(g) and (h)). In the absence of subject matter jurisdiction, the interpleader motion must be dismissed. *HHS' Response in Opposition* [Document #31], at 3.

HHS cites to the Third Circuit decision in *Fanning v. United States*, 346 F.3d 386 (3d Cir. 2003), for the proposition that federal courts lack jurisdiction over cases where the plaintiff had failed to channel her claims through the administrative process.

Plaintiff describes her interpleader motion as "asking the question of whether her proceeds are subject to the claim that CMS makes. If they are not, then there is nothing to 'channel' to the administrative agency." *Plaintiff's Reply* [Document #32], at 6. It is Plaintiff's position that under the facts of her case, this Court has previously exercised jurisdiction under 28 U.S.C. §1331 over the settlement of this asbestos lawsuit which included an FELA claim against NJT, and nothing in the Medicare Statute removes this Court's proper jurisdiction over her settled claims. She argues: "CMS cannot deprive a federal court of jurisdiction over a settlement in a case before it simply by making a claim under the MSPA." *Id.*

At its core, Plaintiff's interpleader motion challenges CMS' entitlement to recover conditional Medicare payments from a surviving spouse who has recovered a settlement under FELA. The substantive basis of Plaintiff's interpleader motion is "rooted in, and derived from, the Medicare Act." *See Fanning v. United States*, 346 F.3d 386, 400 (3d Cir. 2003). Because Plaintiff's claim is wholly dependent upon determining whether or not CMS will correctly interpret the Medicare Act, I conclude that

it "arises under" the Medicare Act and, therefore, she must exhaust her administrative remedies before seeking judicial review. *See Fanning,* 346 F.3d at 401-402 (even assuming *arguendo* that the government's demand letter was a final agency action, there is no judicial review of final agency action under the district court's federal question jurisdiction, "§405(g), to the exclusion of 28 U.S.C. §1331, is the *sole avenue for judicial review* for all 'claims arising under' the Medicare Act." [emphasis in original]). *See also Mason v. Sebelius,* Civil No. 11-2370 (JBS/KMW), 2012 WL 1019131 at *3-6 (D.N.J. March 12, 2012)(granting HHS' motion to dismiss a due process claim in putative class action for failure to exhaust administrative remedies on the basis that the due process claim arises under the Medicare Act and must first be channeled through the administrative process).[2]

Because Plaintiff has not met her burden of establishing subject matter jurisdiction, her motion for interpleader is futile and must be denied.

---

2   In *Mason*, Plaintiffs asserted, *inter alia*, a claim that their due process rights were violated as a result of Defendant HHS' violations of both the Medicare as a Secondary Payer ["MSP"] provisions of the Medicare Act and various Medicare regulations and policy guidelines. *Mason*, 2012 WL 1019131 at *3. The Court determined that the due process claim had not been administratively exhausted and rejected Plaintiffs' argument that the Court had jurisdiction over the constitutional claim under §1331 despite the failure to exhaust because HHS had no process of agency review for addressing constitutional claims. The Court concluded that the due process claim arises under the Medicare Act because the substantive basis of the claim and standing were rooted in, and derived from, the Medicare Act. Citing *Fanning*, the Court granted HHS' motion to dismiss the claim for lack of subject matter jurisdiction because "for claims arising under Medicare, 42 U.S.C. §405(g) generally provides the exclusive basis for federal judicial jurisdiction and then only after exhaustion of agency appeals [. . .]" *Id.* at *4-6. While the *Mason* decision is not binding on this court, I agree with the court's reasoning.